**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4802

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GEORGE MONK,

Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  Frank W. Bullock, Jr.,
District Judge.  (CR-03-407)

Submitted:  September 9, 2005      Decided:  September 30, 2005

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Eric D. Placke,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.  Anna Mills Wagoner, United States Attorney, L. Patrick
Auld, Assistant United States Attorney, Deputy Chief, Criminal
Division, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

George Monk was indicted for conspiracy to defraud mortgage lenders and various related substantive counts. He pled guilty to wire fraud, in violation of 18 U.S.C. § 1343 (2000), and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) (2000). The district court sentenced him under the federal sentencing guidelines to eighty-seven months in prison. Monk appeals his sentence, arguing that his sentence was imposed in violation of the Sixth Amendment. We vacate the sentence and remand for resentencing.

Monk contends that his sentence is unconstitutional because it was enhanced based on the district court's findings as to the scope of the entire conspiracy, rather than the specific conduct that Monk admitted. Specifically, Monk objects to the district court's conclusions that he was responsible for over $1,000,000 in losses, that there were more than ten victims, and that the crucial date for certain criminal history calculations is the date the conspiracy allegedly began, rather than June 2001, when he committed the offenses of conviction. Because Monk raised this claim in the district court, our review is de novo. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003).

The court's findings with respect to amount of loss alone increased Monk's sentencing range dramatically over the sentence that could have been imposed based upon the facts admitted by Monk.

The district court thus erred in basing Monk's sentence on judge-found facts under a mandatory guideline regime. See United States v. Booker, 125 S. Ct. 738, 756-57 (2005). Because Monk's sentence was significantly longer than that which could have been imposed based upon the facts that he admitted, the error affected his substantial rights, and resentencing is required.[*]

On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all the factual findings appropriate for that determination. See United States v. Hughes 401 F.3d 540, 546 (4th Cir. 2005). The court should consider this range, along with the other factors identified at 18 U.S.C. § 3553(a) (2000), and then impose sentence. See id. If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2). See id. The sentence must be "within the statutorily prescribed range and . . . reasonable." See id. at 546-47.

We therefore vacate Monk's sentence and remand for resentencing. We dispense with oral argument because the facts and

---

[*]As we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time of" sentencing.

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>